UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LARA,<br><br>                      Petitioner,<br><br>v.<br><br>PAM BONDI, Attorney General, United States, et al.,<br><br>                      Respondents. | Case No.: 26-cv-1125-RSH-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On February 23, 2026, petitioner Ronald Lara filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Petitioner, a citizen of Venezuela, has been detained at the Otay Mesa Detention Center in San Diego, California since his arrest on August 29, 2025. *Id.* ¶ 6. The Petition presents a single claim: Petitioner contends that his detention without a bond hearing has become unduly prolonged in violation of the due process clause. *Id.* ¶¶ 21-31.

Respondents have filed a return. ECF No. 4. As set forth below, the Court grants the Petition.

**I.    LEGAL STANDARD**

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit

judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

## II. ANALYSIS

### A. Jurisdiction

Respondents first contend that Petitioner's claim is jurisdictionally barred under 8 U.S.C. § 1252(g) and (b)(9). ECF No. 4 at 1–3.

Section 1252(g) provides that, except as otherwise provided in that section, and notwithstanding any other provision of law including 28 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Additionally, Section 1252(b)(9) states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

8 U.S.C. § 1252(b)(9). Respondents argue that this habeas petition arises from DHS's decision to commence removal proceedings, and Petitioner's challenge is thus jurisdictionally barred. ECF No. 4 at 2.

The Supreme Court has interpreted the "arising from" jurisdiction-limiting provision in 8 U.S.C. § 1252(g) narrowly, restricting it "only to three discrete actions that the Attorney General may take": the "'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). The Supreme Court noted that "[t]here are of course many other decisions or actions that may be part of the deportation process . . . ." *Id.*

///

In a later decision involving a habeas petition, the Supreme Court likewise narrowly interpreted the similar "arising from" language in 8 U.S.C. § 1252(b)(9). *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018). Referring back to its opinion in *American-Arab Anti-Discrimination Committee*, the Supreme Court explained that it did not construe Section 1252(g) "to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves." *Id.* (citation omitted). Consistent with this narrow interpretation, the Supreme Court held that Section 1252(b)(9) did not bar the detainee in *Jennings* from using habeas to challenge the legality of his detention. *Id.* at 294–95 ("[I]t is enough to note that respondents are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined. Under these circumstances, § 1252(b)(9) does not present a jurisdictional bar."). *See also Flores-Miramontes v. INS*, 212 F.3d 1133, 1139 (9th Cir. 2000) (stating that § 1252(b)(9) "does not affect petitions for habeas corpus").

Here, Petitioner is seeking to review the legality of his detention, arguing that the length of time he has been detained here is unlawful—rather than challenging the decision to commence proceedings, the adjudication of his removal case, or an action to execute his removal order. He does not seek to litigate in this Court questions of whether he is removable or whether he is entitled to relief from removal. The relief he seeks here is release from custody, or a bond hearing at which his release may be considered by an immigration judge. Based on the foregoing precedent, the Court concludes that Petitioner's claims are not barred by 8 U.S.C. § 1252(g) or (b)(9).

Respondents also argue in a footnote that "the Court should ensure Petitioner properly exhausts administrative remedies." ECF No. 4 at 3 n.2. This Court, following other courts in this district, finds that exhaustion would be futile here because the BIA would be obligated to apply administrative precedent to conclude that detention is mandatory under 8 U.S.C. § 1225(b)(2). *See Hoyos Amado v. U.S. Dep't of Justice*, No.

25-cv-2687-LL-DDL, 2025 WL 3079052, at *3 (Nov. 4, 2025) (collecting cases).

### B.     Whether Petitioner's Detention is Prolonged in Violation of Due Process

In determining whether Petitioner's detention has become prolonged, the Court applies a six-factor balancing test used by some district courts. *See Kydyrali*, 499 F. Supp. 3d at 773–74; *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). That test considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *See Kydyrali*, 499 F. Supp. 3d at 773–74. The Petition separately analyzes each of these six factors, ECF No. 1 ¶¶ 23-31.

Respondents argue that Petitioner's claim fails because he is subject to mandatory detention under 8 U.S.C. § 1225. ECF No. 4 at 3-4. This argument, however, misses the thrust of Petitioner's sole claim—that his mandatory detention pursuant to a statutory scheme has become unduly prolonged in violation of the due process clause. Respondents do not address this claim.

Petitioner has been detained for over six months without a bond hearing. Although this length of detention, without more, does not establish entitlement under the due process clause to a bond hearing, Respondents here have failed to address Petitioner's constitutional arguments or analysis. On balance, the Court concludes that Petitioner's detention without a bond hearing has become unreasonable and violates due process. Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify his continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of

bond"); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) (stating that "the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community" with respect to a bond hearing for a noncitizen detained under § 1226(c)).

## IV. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondents are directed to arrange a bond hearing for petitioner Ronald Lara before an immigration court within ***seven (7) days of this order*** as described above. To the extent Petitioner seeks to recover attorneys' fees, he must do so by noticed motion in a manner consistent with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the undersigned's chambers pretrial procedures.

The hearing set for March 19, 2026 is **VACATED**.

**IT IS SO ORDERED**.

Dated: March 9, 2026

_____
Hon. Robert S. Huie
United States District Judge