

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RONALD LARA,

Petitioner,

v.

PAM BONDI, Attorney General, United States, et al.,

Respondents.

Case No.:  26-cv-1125-RSH-BJW

**ORDER DENYING PETITIONER'S MOTION TO ENFORCE JUDGMENT**

**[ECF No. 8]**

On February 23, 2026, petitioner Ronald Lara filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Petitioner claimed that his detention without a bond hearing had become unduly prolonged in violation of the due process clause. *Id.* ¶¶ 21-31. Respondents opposed. ECF No. 4.

On March 9, 2026, the Court granted the petition, determining that Petitioner's detention had become unduly prolonged and that he was entitled to a bond hearing as a matter of due process. ECF No. 5 at 1-5. The Court concluded that "Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify his continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released." *Id.* at 4. The order further stated: "Respondents are directed to arrange a bond hearing for petitioner Ronald Lara before an

1

immigration court within seven (7) days of this order as described above." *Id.* at 5.

On March 13, 2026, Petitioner received a bond hearing before an immigration judge, who denied bond on the ground that Petitioner was a flight risk. ECF No. 8-1 at 1.

On March 19, 2026, judgment was entered for Petitioner in his habeas case. ECF No. 7.

On March 21, 2026, Petitioner filed an ex parte application for a temporary restraining order enforcing the Court's March 9, 2026 order. ECF No. 8. Because judgment has already been entered, the Court construes this filing as a motion to enforce rather than an application for a temporary restraining order. On the merits, Petitioner's motion argues that the immigration judge's analysis was not sufficiently "individualized," and employed reasoning that effectively placed the burden of proof on Petitioner, contrary to this Court's March 9, 2026 order. ECF No. 8-1 at 6-8.

In opposing the motion, Respondents argue that Petitioner has failed to exhaust his administrative remedies, because Petitioner's appeal of the bond denial with the Board of Immigration Appeals ("BIA") remains pending. ECF No. 11 at 2-6. Respondents also argue that the immigration judge did not misapply the burden of proof. *Id.* at 6-7. The motion has been fully briefed. *See* ECF Nos. 10 (Petitioner's notice of lodgment of recording of immigration court proceedings), 12 (Petitioner's reply brief).

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

26-cv-1125-RSH-BJW

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Nonetheless, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Ninth Circuit has applied the exhaustion doctrine to circumstances similar to those presented here—where a noncitizen seeks review, through a habeas proceeding, of an immigration judge's denial of bond. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Irrespective of the prudential exhaustion doctrine, however, the Court retains jurisdiction to determine whether a party has complied with its earlier habeas order. *See Leonardo*, 646 F.3d at 1161 ("[T]he district court had authority to review compliance with its earlier order conditionally granting habeas relief.").

The Court has reviewed the exhibits submitted, including the approximate 11-minute record of the immigration court hearing up until the point Petitioner's counsel requested to go "off the record." The Court is not persuaded that Respondents have failed to comply with the March 9, 2026 order. There is no dispute here that the government timely held a bond hearing as directed by this Court's order; or that the immigration judge denied bond after hearing evidence and argument, and concluding that Petitioner is a flight risk. The recording reflects, and both Parties agree, that the immigration judge at least purported to place the burden of proof on the government; Petitioner's contention, in essence, is that the

26-cv-1125-RSH-BJW

immigration judge misapplied that burden—that the judge erred in applying this legal standard to the facts at hand. *See* ECF No. 8-1 at 8 ("Whatever the IJ may have thought he was doing, he did not place the burden on DHS, and he certainly did not require clear and convincing evidence that Mr. Lara is a flight risk."). Similarly, it is clear from the recording and exhibits that the immigration judge did hear and consider Petitioner's individual circumstances, although Petitioner contends that the immigration judge subordinated an appropriate evaluation of facts favorable to Petitioner to the immigration judge's dissatisfaction with the proposed sponsors. Specifically, Petitioner asserts that the immigration judge "invented out of whole cloth" an "arbitrary rule that Mr. Lara needed a 'sponsor' who both: (1) is a U.S. citizen or LPR, and (2) has a relationship with him predating his detention." ECF No. 8-1 at 6. The immigration judge did consider the specific sponsors put forward by Petitioner, and determined that they were inadequate to allay the immigration judge's concerns about risk of flight; the immigration judge also offered Petitioner additional time to come forward with other sureties, in lieu of denying the bond request, which opportunity Petitioner declined. Without opining on whether the immigration judge's ruling was free of error, the proceedings complied with this Court's order.

Petitioner's claims of error here are routine ones to be decided in the first instance by the BIA, the administrative tribunal established to review such claims and correct any mistakes, and possessing expertise in such review. The Court declines to act as a second, parallel appellate administrative tribunal in addressing the merits of the claimed errors here, where doing so would effectively encourage simultaneous parallel appeals of matters well within the BIA's competence. Consistent with the Ninth Circuit's ruling in *Leonardo*, the Court requires exhaustion of these issues, determines that the prudential exhaustion requirement applies here, and declines to waive that requirement. Petitioner argues that his continued detention pending his BIA bond appeal amounts to irreparable injury because "[t]he BIA is unlikely to decide Mr. Lara's appeal before his merits hearing," and he will be required to prepare (with his attorney) while in custody for the individual merits hearing

26-cv-1125-RSH-BJW

on his claims for asylum and related relief. ECF No. 8-1 at 5. The Court considers this argument, not in the abstract, but in light of the hearing that the immigration judge held and in light of the asserted errors; and determines that Petitioner's continued detention while he pursues those claims with the BIA does not amount to irreparable injury warranting waiver of the exhaustion requirement. *See Reyes v. Wolf*, No. C20-0377LR, 2021 WL 662659, at *3 (W.D. Wash. Feb. 19, 2021) (determining that the petitioner failed to establish that "that civil detention after the denial of a bond hearing constitutes irreparable harm such that prudential exhaustion should be waived"), *aff'd sub nom. Diaz Reyes v. Mayorkas*, No. 21-35142, 2021 WL 3082403 (9th Cir. July 21, 2021). Petitioner's individual merits hearing on his claim for asylum and related relief has not yet been scheduled, but the possibility that it will ultimately be set for a date preceding the BIA's adjudication of Petitioner's bond appeal is likewise insufficient to establish irreparable injury.

For the foregoing reasons, Petitioner's motion to enforce [ECF No. 8] is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 1, 2026

_Robert S Huie_
_____
Hon. Robert S. Huie
United States District Judge

26-cv-1125-RSH-BJW